[Civ. No. 5221.   Fourth Dist.   Dec. 16, 1955.]

HENRY C. GARNER et al., Appellants, v. UDDO & TAORMINA COMPANY (a Partnership) et al., Respondents.

Richmond & Bradley for Appellants.

Rimel & Johnson for Respondents.

MUSSELL, J.—Plaintiffs, who were manufacturers and distributors of liquid fertilizer, brought this action to recover the purchase price for fertilizer furnished one George R. Kikuchi between April 17 and August 22, 1952, and used on land in Orange County on which Kikuchi was growing tomatoes. On or about March 12, 1952, the defendant Uddo and Taormina Company, a partnership (hereinafter referred to as U. & T. Company), engaged in the tomato canning business, entered into a written contract with Kikuchi wherein Kikuchi agreed to sell and defendant U. & T. Company agreed to buy, for the 1952 season, all tomatoes grown by Kikuchi on the land involved. U. & T. Company, prior to April 1, 1952, had advanced to Kikuchi $18,000 rental for the property upon which Kikuchi was raising the tomatoes and also had advanced $8,000 for various crop operations and expenses incurred by Kikuchi. On April 1, 1952, Kikuchi executed and delivered to plaintiffs an authorization in writing, as follows:

"Date April 1, 1952

"Uddo & Taormina Co.
6576 Grand
Buena Park, California

"You are hereby authorized to pay to the Liquinox Company, 1409 W. Chapman Avenue, Orange, California, for material supplied by them, from April 1, 1952 to December 31, inclusive, 1952, from the moneys due or to become due to me from you, and charge the same to my account.

"(Growers Signature)   /s/   George R. Kikuchi
George R. Kikuchi
"(Address)   6952 E. Lincoln
Anaheim, California."

This authorization or order was accepted by U. & T. Company on the same date and in the same document, in the following language:

"The above order is accepted, but is payable out of moneys due or to become due to: George R. Kikuchi, 6952 E. Lincoln, Anaheim after first deducting all advances made to him, and after paying any orders given by him and received by us prior to the date of receipt of Liquinox Company invoices.

"ACCEPTED BY:

(Signature)   /s/   Joseph Uddo Jr.
UDDO & TAORMINA COMPANY."

Thereafter, between April 17 and August 22, 1952, plaintiffs sold and delivered to Kikuchi various amounts of fertilizer,

totaling $6,315.50. Between April 1 and August 22, 1952, additional advances were made by defendant U. & T. Company to and for the account of Kikuchi in the amount of $8,675, so that as of August 22, 1952, the amount due from Kikuchi to defendant U. & T. Company amounted to $34,675 and at that time there had been no crop proceeds or other credits to Kikuchi's account. After August 22, 1952, defendant U. & T. Company made further advances, totaling $45,993.76, to or for the account of Kikuchi and credited his account with crop proceeds in the sum of $69,222.42, and with other miscellaneous credits in the amount of $7,791.15. The total charges to the account were $80,668.76 and the total credits were $77,013.57, leaving a balance due defendant U. & T. Company and uncollected by them of $3,655.19. No payments were made to plaintiffs on their account.

Defendant U. & T. Company contends that the advances made by them to and for Kikuchi's benefit were for the purpose of paying various crop expenses; that the pickers and haulers would not work unless paid and it was necessary that these and other expenses be paid in order to produce the tomato crop; and that plaintiffs could not be paid if there were no net proceeds received from the sale of the tomatoes.

Plaintiffs contend that they obtained a partial assignment by reason of the order or authorization on April 1, 1952, in the sum of $6,315.50, representing the fertilizer furnished by them and that the defendants wilfully ignored their rights in the proceeds of the tomato crop and made payments of the entire proceeds therefrom to Kikuchi and other persons.

The trial court found in part as follows:

"X. That by the terms of the written acceptance form, as hereinabove set forth in paragraph II of these Findings of Fact, all advances, payments and loans made by defendant to, or for the use and benefit of Kikuchi, whether made before or after the date of said acceptance, or before or after the dates of the several invoices delivered by plaintiffs to defendant, as aforesaid, are 'advances' which may be deducted from crop proceeds and other proceeds due to Kikuchi within the meaning and terms of the acceptance to the said crop order, as aforesaid, and have priority over the plaintiffs' crop order and over all claims of plaintiff made under said crop order, whether said advances and payments were made or used for the purpose of producing the aforesaid tomato crop, or for purposes wholly disconnected therewith.''

"XII. That at all times the total amount of said loans, payments and advances made by defendant to and for the benefit of Kikuchi exceeded the total amount received as credits and crop proceeds; that at no time has there been, or is there now, any crop proceeds from the tomato crop which was the subject of the above entitled action, in the hands of defendant in excess of the total of the said sums loaned, advanced and paid by defendant to or for the benefit of Kikuchi, as aforesaid."

"XIII. That substantially all of the sums of money advanced, loaned and paid by defendant to, or for the use and benefit of Kikuchi, as aforesaid, including the said sum of $77,364.25 as aforesaid, were used for the production of the said tomato crop out of which the crop proceeds contemplated by the crop order and acceptance thereto were to be derived, and that the use of said moneys for said purposes were necessary to the production of said tomato crop and the crop proceeds therefrom and that the same could not have been produced, and the crop proceeds could not have been derived therefrom except for said loans, advances and payments."

These findings are supported by substantial evidence in the record and therefore are binding upon us.

Appellants contend that by the order or authorization of April 1, 1952, they acquired rights to the tomato crop; that on the respective dates of the purchase of fertilizer from them their rights were superior to any claim for payment of third persons for their services in picking and hauling the tomato crop or for any other service. We cannot agree with these contentions.

The document signed by Kikuchi on April 1, 1952, is an authorization to pay plaintiffs from monies due or to become due to Kikuchi from U. & T. Company. There is no direction therein as to when payment is to be made and no suggestion or direction that payments made to plaintiffs were to have priority over payments for picking, packing, hauling and other expenses necessary for the production of the tomato crop. In accepting the order or authorization, U. & T. Company made it clear that the order was payable out of money due or to become due to Kikuchi after first deducting all advances made to him, and after paying any orders given by him and received by them prior to the date of the receipt of plaintiffs' invoice. It is apparent that plaintiffs, on April 1, 1952, prior to delivering any fertilizer to Kikuchi, knew that they would receive payment only from monies due Kikuchi after deducting all advances made by U. & T.

Company to him. There is no serious dispute as to the sums actually advanced by U. & T. Company or as to whether or not they were necessary in the production of the tomato crop involved. Under such circumstances it appears that plaintiffs elected to supply fertilizer to Kikuchi on credit and to look for payment from monies due Kikuchi after all advances made to him by U. & T. Company had been paid.

The record shows that in 1951 appellants supplied Kikuchi with fertilizer and took an order from him similar to that which they took in the present case on April 1, 1952, and that they received their money out of the 1951 crop. However, in that year there was a surplus and in 1952 the crop and proceeds therefrom were smaller than anticipated. Hence, when all advances made by U. & T. Company were paid, there were no funds available to Kikuchi out of which plaintiffs' account could be satisfied.

The judgment is affirmed.

Barnard, P. J., and Griffin, J., concurred.